## WILLIAM CHURCHILL *&* al. vs. SILAS HATCH *&* al.

By the poor debtor acts of 1835 and 1836, the certificate of the Justices that notice was duly given to the creditor, where they have jurisdiction of the subject matter, is conclusive.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

Debt on a bond, dated *Aug.* 26, 1836, under the poor debtor act, to procure the release of *Hatch* from an arrest upon an execution against him. The defendants produced the certificate of two Justices of the Peace and of the Quorum, certifying, that the plaintiffs were duly notified of the time and place of the debtor's

submitting himself to examination and taking the oath, and that the proper oath was duly administered by them.

The third, and only objection urged in this Court was, that the plaintiffs, at the trial in the C. C. Pleas, " offered to show by said notification and officer's return accompanying and annexed to said certificate, that the plaintiffs had not any notice, that the said *Hatch* would make a disclosure of his affairs and take said oath at the time and place mentioned in said certificate." " The Judge refused to permit the above evidence to go to the jury, and ruled, that said certificate be read to the jury ; and that the plaintiff could not be permitted by law to show that notice was not given previous to said disclosure ; and that the said certificate must be taken conclusive as to notice."

" Intending to save the foregoing questions, with an understanding of the parties, a nonsuit was ordered," to which the plaintiffs excepted.

*J. Godfrey* argued for the plaintiffs, and cited *Knight* v. *Norton*, 3 *Shepl.* 337 ; *Slasson* v. *Brown*, 20 *Pick.* 436.

*Kent* argued for the defendants, and cited *Agry* v. *Betts*, 3 *Fairf.* 415 ; *Black* v. *Ballard*, 13 *Maine R.* 239 ; *Haskell* v. *Haven*, 3 *Pick.* 404 ; *Putnam* v. *Longley*, 11 *Pick.* 487 ; *Leonard* v. *Leonard*, 14 *Pick.* 283 ; *Kendrick* v. *Gregory*, 9 *Greenl.* 22.

By THE COURT.—The two first points, taken by the counsel for the plaintiffs, being expressly waived, the only remaining question is, whether the certificate of the Justices, that notice was duly given, is conclusive. And we are of opinion that it was, they having jurisdiction of the subject matter. This was so decided, in *Agry* v. *Betts*, 3 *Fairf.* 415, which is a case exactly in point. There is no inconsistency between that case and *Knight* v. *Norton & al.*, 15 *Maine R.* 337. In the former, there was a foundation laid for the jurisdiction ; in the latter, it was otherwise.

*Exceptions overruled.*